# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:07-cv-00574-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS FOLLOWING SCREENING OF AMENDED COMPLAINT |
| v. | |
| THOMAS VORD, et al., | (Docs. 9 and 11) |
| Defendants. | |

I.  Procedural History

Plaintiff Garrison S. Johnson ("plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff is an inmate housed at the California Correctional Institution ("CCI") in Tehachapi, where the events at issue in this action allegedly occurred. Plaintiff brought suit against defendants Dr. T. Vord, Warden William J. Sullivan, and Doe 1 in Kern County Superior Court. Defendant Sullivan removed the action to this court on April 13, 2007.

On June 1, 2007, plaintiff filed an amended complaint. Fed. R. Civ. P. 15(a). In his amended complaint, plaintiff seeks money damages and injunctive relief for violation of his rights under the Eighth Amendment and California law. In addition to defendant Sullivan and defendant Vo, previously identified as Vord, plaintiff names Health Care Manager H. Tate, Chief Dental Officer R. Hall, and Director John Dovey. Plaintiff alleges an Eighth Amendment claim and a section 845.6 claim against all defendants, and a medical negligence claim against defendants Vo, Tate, and Hall.

The court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and on September 4, 2007, issued an order finding that plaintiff's amended complaint states cognizable claims for relief

under section 1983 against defendants Sullivan and Dovey for violation of the Eighth Amendment arising from plaintiff's exposure to acidic water and against defendants Vo, Hall, and Tate for failure to provide medical treatment for plaintiff's rash; a cognizable claim for relief under section 845.6 against defendant Vo arising out of the failure to provide treatment for plaintiff's rash, and a cognizable claim for relief against defendants Vo, Hall, and Tate for negligence arising out of the failure to provide medical treatment for plaintiff's rash. The court found, however, that plaintiff's amended complaint does not state any other cognizable claims for relief. Plaintiff was ordered to either file a second amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable by the court. On September 17, 2007, plaintiff filed a notice stating his willingness to proceed only on the claims found to be cognizable by the court in its order. Accordingly, based on plaintiff's notice, this Findings and Recommendations now issues.

II.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

III.   Claims Against Defendant Sullivan

Plaintiff alleges that from January 2006 through December 2006, the water used for showers at CCI came from the prison's well water system and was acidic.[1] Plaintiff alleges he was seen by defendant Vo on April 13, 2006, for a rash around his neck, which he believes was caused by the water. Plaintiff alleges that every time he showered between January 2006 and December 2006, an itchy rash would develop. Plaintiff alleges that he asked defendant Vo to provide medication for the condition but Vo refused, which resulted in permanent scarring to plaintiff's skin. Plaintiff alleges that defendant Sullivan subjected him to inhumane living conditions by exposing him to the acidic water from January 2006 through December 2006, and that defendants Sullivan, Tate, and Dovey were aware that the water was causing inmates skin irritation and rashes, but failed to fix the problem from 2004 to 2006.

Plaintiff also alleges that when he was seen by defendant Vo on April 13, 2006, he requested a double mattress and Tylenol #3 to relieve his pain from a past gun shot injury. Plaintiff alleges that he had previously been prescribed a double mattress and was taking Tylenol #3. Plaintiff alleges defendant Vo told him they did not provide double mattresses at CCI and he was not going to prescribe codeine. Plaintiff subsequently appealed defendant Vo's decision, but his appeal was denied by defendants Hall and Tate. Plaintiff alleges that defendants Sullivan and Dovey were aware of the pattern and practice at CCI of denying inmates adequate medical care.

///

---

[1] Plaintiff alleges the prison switched to using the state's aqueduct system in December 2006.

1   A.   Eighth Amendment Claim

2   To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Defendant Sullivan is the warden at CCI. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885

4

F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendant Sullivan based on the knowing exposure to acidic water, which left plaintiff with injuries. Fed. R. Civ. P. 8(a). However, while plaintiff's allegations are sufficient to support a claim under section 1983 against defendant Vo for denying him medical treatment for his rash, there are no factual allegations supporting a claim that defendant Sullivan knew defendant Vo denied plaintiff medical treatment for his rash. Therefore, plaintiff fails to state a claim against defendant Sullivan for denial of medical treatment based on supervisory liability theory.

Further, plaintiff's disagreement with defendant Vo's decision not to provide him with a double mattress or Tylenol #3 does not support a claim for relief under section 1983. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). As a result, there is no underlying constitutional violation upon which to premise a supervisory liability claim against defendant Sullivan, and a general allegation that defendant Sullivan was aware of a pattern and practice of denial of medical care is insufficient to support a claim against defendant Sullivan for violation of the Eighth Amendment with respect to medical care.

B.     Violation of Section 845.6

Prison personnel have a statutory duty under California law to summon medical care. Watson v. State, 21 Cal. App. 4th 836, 841 (Cal. Ct. App. 1993); Zeilman v. County of Kern, 214 Cal. Rptr. 746, 754 (Cal. Ct. App. 1985). Specifically, "a public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6 (West 2007). "[T]o state a claim under § 845.6, a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summons such care." Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). "Liability . . . is limited to serious and obvious medical conditions requiring immediate care," Watson, 21 Cal. App. 4th at 841 (citations omitted), and the "section does *not* impose a duty to monitor the quality of care provided," Jett, 439 F.3d at 1099 (emphasis added).

5

There are no facts set forth in the amended complaint which give rise to a cognizable claim for relief against defendant Sullivan for violation of section 845.6.

IV.     Claims Against Other Defendants

     A.     Eighth Amendment Claims

For the reasons set forth in the preceding subsection, plaintiff's allegations are sufficient to give rise to a claim for relief against defendant Vo for failing to provide plaintiff with medical care for his rash and against defendants Dovey and Tate for exposing plaintiff to acidic water, but are insufficient to support a claim against defendant Vo for failing to provide plaintiff with a double mattress and Tylenol #3, and are insufficient to support a claim against defendant Dovey for denial of medical care under a theory of supervisory liability.

Plaintiff alleges that defendants Hall and Tate violated his rights under the Eighth Amendment when they approved defendant Vo's decision not to provide medical treatment to plaintiff by denying plaintiff's inmate appeal. Under notice pleading standards, plaintiff's allegations are sufficient to support a claim that defendants Hall and Tate knew, via plaintiff's inmate appeal, that plaintiff was not provided with any medical treatment for his rash but failed to take any action. However, because defendant Vo's failure to provide a double mattress and Tylenol #3 do not support a claim against defendant Vo, defendants' decision to deny the appeal with respect to that issue does not support a claim that they knew plaintiff's Eighth Amendment rights were being violated but failed to take action.

     B.     Violation of Section 845.6

Plaintiff's allegations are sufficient to give rise to a claim under section 845.6 against defendant Vo for failing to provide plaintiff with any medical treatment for his rash. However, there are no facts in the amended complaint supporting a claim against defendants Dovey, Hall, or Tate for violation of section 845.6 with respect to plaintiff's skin condition or against defendants Vo, Dovey, Hall, or Tate for violation of section 845.6 with respect to the failure to provide a double mattress and Tylenol #3.

///

///

      C.      Medical Negligence Claims

Finally, plaintiff alleges a medical negligence claim against defendants Vo, Hall, and Tate. In a medical malpractice action, the plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Tortorella v. Castro, 140 Cal.App.4th 1, 3 n.2 (2006); Hanson v. Grode, 76 Cal.App.4th 601, 606 (1999). "The standard of care in a medical malpractice case requires that medical service providers exercise that . . . degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances." Barris v. County of Los Angeles, 20 Cal.4th 101, 108 (Cal. 1999); Landeros v. Flood, 17 Cal.3d.399, 408 (1976).

Plaintiff's allegations are sufficient, at the pleading stage, to support a negligence claim against defendants Vo, Hall, and Tate arising from the failure to provide him with medical treatment for his rash, but are not sufficient to support a claim based on the failure to provide a double mattress and Tylenol #3. Plaintiff's mere disagreement with the decision not to provide those items to him simply does not support a claim that defendants acted negligently with respect to his medical needs.

V.      Conclusion

Plaintiff's amended complaint states cognizable claims for relief under section 1983 against defendants Sullivan and Dovey for violation of the Eighth Amendment arising from plaintiff's exposure to acidic water and against defendants Vo, Hall, and Tate for failure to provide medical treatment for plaintiff's rash; a cognizable claim for relief under section 845.6 against defendant Vo arising out of the failure to provide treatment for plaintiff's rash, and a cognizable claim for relief against defendants Vo, Hall, and Tate for negligence arising out of the failure to provide medical treatment for plaintiff's rash. However, plaintiff's amended complaint does not state any other cognizable claims for relief. The court provided plaintiff with the opportunity to file a second amended complaint or to proceed only on the claims found to be cognizable by the court. Plaintiff opted to proceed on his cognizable claims. Accordingly, it is HEREBY RECOMMENDED that:

///

1. This action proceed on plaintiff's amended complaint, filed June 1, 2007, against:
    a. Defendants Sullivan and Dovey under section 1983 for violation of the Eighth Amendment arising from plaintiff's exposure to acidic water;
    b. Defendants Vo, Hall, and Tate under section 1983 for failure to provide medical treatment for plaintiff's rash;
    c. Defendant Vo under California law for violation of section 845.6 arising out of the failure to provide treatment for plaintiff's rash; and
    d. Defendants Vo, Hall, and Tate under California law for negligence arising out of the failure to provide medical treatment for plaintiff's rash;
2. Plaintiff's Eighth Amendment claims against defendants Sullivan and Dovey for denial of medical care be dismissed for failure to state a claim;
3. Plaintiff's claim against defendant Sullivan for violation of section 845.6 be dismissed for failure to state a claim;
4. Plaintiff's claims against all defendants arising from defendant Vo's failure to provide him with a double mattress and Tylenol #3 be dismissed for failure to state a claim;
5. Plaintiff's claims against defendants Dovey, Hall, and Tate for violation of section 845.6 with respect to plaintiff's skin condition, and against defendants Vo, Dovey, Hall, and Tate for violation of section 845.6 with respect to the failure to provide a double mattress and Tylenol #3 be dismissed for failure to state a claim;
6. Plaintiff claim against defendants Vo, Hall, and Tate under California law for medical negligence arising from the failure to provide him with a double mattress and Tylenol #3 be dismissed for failure to state a claim; and
7. Defendant Sullivan be ordered to file a response to plaintiff's amended complaint within thirty days from the date the district court adopts these recommendations in full, should the district court do so.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

**days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 20, 2007**              <u>/s/ Sandra M. Snyder</u>
                                                                 UNITED STATES MAGISTRATE JUDGE