# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>THOMAS VORD, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-00574-AWI-SMS PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING CERTAIN CLAIMS FOR FAILURE TO STATE A CLAIM, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(Doc. 14)<br><br>ORDER REQUIRING DEFENDANT SULLIVAN TO RESPOND TO THE AMENDED COMPLAINT WITHIN THIRTY DAYS |

Plaintiff Garrison S. Johnson ("plaintiff") is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On September 20, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On October 9, 2007, defendant Sullivan filed an Objection.[1] Plaintiff did not file a response.

Defendant objects to the recommendation that this action proceed on plaintiff's claim against defendant Vo for violation of section 845.6 of the California Government Code, which provides that

---

[1] Defendant Sullivan removed the action to this court. No other defendants have been served.

"a public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Plaintiff's claim arises from defendant Vo's failure to provide medical treatment for a rash. The Court has reviewed the allegations and concurs with Defendant Sullivan that the incident at issue "cannot be characterized as a failure to summon medical care." *Nelson v. State*, 139 Cal.App.3d 72, 81, 188 Cal.Rptr. 479, 485 (Cal. Ct. App. 1982). Accordingly, the Findings and Recommendations is adopted in full with the exception of this claim, which shall be dismissed for failure to state a claim.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, the Court has conducted a <u>de novo</u> review of this case, and HEREBY ORDERS that:

1. The Findings and Recommendations, filed September 20, 2007, is adopted in full with the exception of the section 845.6 claim against defendant Vo;

2. This action shall proceed on plaintiff's amended complaint, filed June 1, 2007, against:

   a. Defendants Sullivan and Dovey under section 1983 for violation of the Eighth Amendment arising from plaintiff's exposure to acidic water;

   b. Defendants Vo, Hall, and Tate under section 1983 for failure to provide medical treatment for plaintiff's rash; and

   c. Defendants Vo, Hall, and Tate under California law for negligence arising out of the failure to provide medical treatment for plaintiff's rash;

3. Plaintiff's Eighth Amendment claims against defendants Sullivan and Dovey for denial of medical care are dismissed for failure to state a claim;

4. Plaintiff's claim against defendant Sullivan for violation of section 845.6 is dismissed for failure to state a claim;

5. Plaintiff's claims against all defendants arising from defendant Vo's failure to provide him with a double mattress and Tylenol #3 are dismissed for failure to state a claim;

6. Plaintiff's claims against defendants Dovey, Hall, Tate, and Vo for violation of

section 845.6 with respect to plaintiff's skin condition, and against defendants Vo, Dovey, Hall, and Tate for violation of section 845.6 with respect to the failure to provide a double mattress and Tylenol #3 are dismissed for failure to state a claim;

7. Plaintiff claim against defendants Vo, Hall, and Tate under California law for medical negligence arising from the failure to provide him with a double mattress and Tylenol #3 is dismissed for failure to state a claim;

8. Defendant Sullivan shall file a response to plaintiff's amended complaint within **thirty (30) days** from the date of service of this order; and

9. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   February 25, 2008**             /s/ Anthony W. Ishii
                                           UNITED STATES DISTRICT JUDGE