# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:07-cv-00574-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT SULLIVAN'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED, AND THE CLAIM AGAINST HIM BE DISMISSED |
| v. | |
| THOMAS VORD, et al., | |
| Defendants. | (Doc. 29) |
| | OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendant Sullivan's Motion to Dismiss**

**I.      Procedural History**

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. This action is proceeding on Plaintiff's amended complaint, filed June 1, 2007, against Defendants Sullivan and Dovey under section 1983 for violation of the Eighth Amendment arising from Plaintiff's exposure to acidic water; Defendants Vo, Hall, and Tate under section 1983 for failure to provide medical treatment for Plaintiff's rash; and Defendants Vo, Hall, and Tate under California law for negligence arising out of the failure to provide medical treatment for Plaintiff's rash.

///
///
///
///

1

On April 30, 2008, Defendant Sullivan ("Defendant") filed a motion to dismiss for failure to exhaust the available administrative remedies.[1] (Doc. 29.) Plaintiff filed an opposition on May 19, 2008, and Defendant filed a reply on May 21, 2008.[2] (Docs. 30, 31.)

**II.     Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

---

[1] The United States Marshal was just directed to initiate service of process on Defendants Dovey, Vo, Hall, and Tate by order filed April 4, 2008.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on April 4, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 28.)

### III. Defendant's Motion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

The appeal relevant to the resolution of Defendant's motion, log number CCI-06-01488, was initiated on April 30, 2006, and exhausted at the Director's Level of review on October 18, 2006. (Doc. 29-2, Motion, Ex. D; Doc. 30, Opp., court record pgs. 10, 12.) Defendant argues that he is entitled to dismissal of the claim against him because although the appeal grieved, in relevant part, Defendant Vo's failure to provide medical treatment for Plaintiff's rash, it did not grieve the exposure to acidic water. Plaintiff opposes the motion on the ground that his appeal sufficiently exhausted his claim arising from unsafe water because it states that he received an injury - the rash - due to the water.

In his amended complaint, Plaintiff alleges that the "prison's well water system was producing acid rain water . . . ," and Defendant "subjected plaintiff to inhumane living condition [sic] by exposing him to acid rain water from January 2006 through December 2006 . . . ." (Doc. 9, Amend. Comp., c.r. pgs. 6:27-7:1 & 7:13-15.) Plaintiff alleges that Defendant "was aware the shower water was causing inmates skin irritation and rashes" but "failed to fix the problem from 2004-2006." (Id., pg. 7:19-24.) These allegations form the basis of Plaintiff's pending Eighth Amendment claim against Defendant.

In his appeal, Plaintiff complained, in relevant part, that Defendant Vo was acting with "medical deliberate indifference" by failing to give Plaintiff lotion for his rash and skin irritation.

3

1  (Doc. 30, Opp., c.r. pg. 12.) Relating to the water, Plaintiff contended that rather than provide
2  medication lotion, Defendant Vo "admonished [Plaintiff] not to stay in the water too long while
3  showering and don't use the soap that the prison gives inmates to shower with because the water and
4  soap causes [sic] rash and skin irritation." (Id., pgs. 12 & 14.) Plaintiff concluded his appeal by
5  contending that "Dr. Vo's demeanor is deliberately indifferent towards my serious medical needs,
6  health, and safety." (Id., pg. 14.) At the second level of review, Plaintiff contended that Defendant
7  Vo failed to "provide medicated lotion for rash and irritation due to hard chemical treated water."
8  (Id., pgs. 15 & 16.)

9        Plaintiff argues that he alleged exposure to acid rain water in his complaint and acid means
10 something chemical, which he addressed in his appeal by asserting he was injured due to the hard
11 chemical treated water. Plaintiff argues that his appeal complaining of injury due to the water put
12 prison officials on notice concerning the acidic water at the prison and although the appeal does not
13 name Defendant Sullivan, it is sufficient to place the prison on notice as to the potential claim
14 against it based on contaminated water, thus fulfilling the exhaustion requirement.

15       "[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named
16 in the grievances." Jones, 127 S.Ct. at 923; see also Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir.
17 2005) (inmate completed the proper form, which did not require identification of specific
18 individuals, and in doing so, availed himself of the process provided by the state). "The level of
19 detail necessary in a grievance to comply with the grievances procedures will vary from system to
20 system and claim to claim, but it is the prison's requirements, and the not the PLRA, that define the
21 boundaries of proper exhaustion." Jones at 923.

22       The form provided by the prison requires inmates to describe the problem and specify the
23 action requested. (Opp., c.r. pg. 12.) The problem as described by Plaintiff entailed Defendant Vo's
24 failure to provide medication for Plaintiff's rash, along with Defendant's unrelated failure to provide
25 a double mattress chrono and a lower bunk chrono. (Id.) Plaintiff sought medicated lotion, an extra
26 mattress, updated double mattress and lower bunk chronos, and pain medication for his back. (Id.)

27       The appeals process does not require that inmates draft their appeals with the precision of
28 an attorney. Nonetheless, if an inmate is going to file suit on the basis of wrongdoing by a prison

4

official, that inmate must file an appeal which places officials on notice as to the basis of that wrongdoing. The failure to do so deprives officials of any opportunity review and take action on the alleged wrongdoing.

In this instance, the appeal quite clearly relates to the failure of a prison doctor to provide treatment by way of medicated lotion for Plaintiff's rash, pain medication for Plaintiff's back, and chronos to address Plaintiff's pre-existing back problem. While Plaintiff references the source of the rash, the problem raised in the appeal was clearly not unsafe water. The Court has reviewed the appeal in its entirety, and finds that it was not sufficient to place officials on notice that Plaintiff was being subjected to unsafe living conditions through exposure to acid rain water. Therefore, the appeal does not satisfy section 1997e(a) with respect to Plaintiff's pending Eighth Amendment claim against Defendant, and Defendant is entitled to dismissal.

**IV.     Conclusion and Recommendation**

Plaintiff's claim against Defendant is one for deliberate indifference to Plaintiff's health through exposure to unsafe water. Plaintiff did not file an appeal placing prison officials on notice that his health was at risk due to the water. Therefore, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to exhaust, filed April 30, 2008, be GRANTED, and the claim against him be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 22, 2008**                   /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE