# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:07-cv-00574-AWI-SMS PC |
| Plaintiff, | ORDER DENYING MOTIONS FOR ISSUANCE OF SUBPOENAS DUCES TECUM, WITHOUT PREJUDICE |
| v. | |
| THOMAS VORD, et al., | (Docs. 45 and 47) |
| Defendants. | ORDER REQUESTING DEFENDANTS' COUNSEL FACILITATE OLSEN REVIEW OF PLAINTIFF'S MEDICAL FILE AND PROVIDE STATUS REPORT WITHIN TWENTY DAYS |

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. This action is proceeding on Plaintiff's amended complaint, filed June 1, 2007, against Defendants Vo, Hall, and Tate under section 1983 for violation of the Eighth Amendment, and for negligence under California law. Plaintiff's claims arise out of the failure to provide medical treatment for his rash.[1]

On June 30, 2008, Plaintiff filed a motion seeking the issuance of a subpoena duces tecum commanding the Director of the California Department of Corrections and Rehabilitation ("CDCR") to produce medical records of and inmate appeals filed by four other inmates. (Doc. 45.) On July 10, 2008, Plaintiff filed a motion seeking the issuance of a subpoena duces tecum commanding the Director of CDCR to produce (1) Plaintiff's medical records pertaining to the examination conducted

---

[1] Plaintiff's Eighth Amendment claims against Defendants Sullivan and Dovey arising out of unsafe water were dismissed from this action on July 28, 2008, for failure to exhaust.

1

by Defendant Vo on April 13, 2006, and the medical referral form filled out by a registered nurse on March 9, 2006, and (2) records pertaining to the 2006 switch from the prison's well water system to the state's aqueduct water system. (Doc. 47.) Defendants filed oppositions to Plaintiff's motions on July 15, 2008, and Plaintiff filed a reply on July 30, 2008. (Docs. 48, 49, 52.)

Subject to certain requirements set forth herein, Plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties. Fed. R. Civ. P. 45. However, the Court will consider granting such a request *only if* the documents sought from the non-party are discoverable, are not equally available to Plaintiff, and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 34.

Plaintiff is entitled to seek discovery of any nonprivileged matter that is relevant to his claims. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. In this instance, Plaintiff's remaining Eighth Amendment and state law negligence claims arise out of the failure of Defendants to provide him with medical care for his skin rash.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

In a medical malpractice action, the plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Tortorella v. Castro, 140 Cal.App.4th 1, 3 n.2 (2006); Hanson v. Grode, 76 Cal.App.4th 601, 606

1  (1999). "The standard of care in a medical malpractice case requires that medical service providers
2  exercise that . . . degree of skill, knowledge and care ordinarily possessed and exercised by members
3  of their profession under similar circumstances." Barris v. County of Los Angeles, 20 Cal.4th 101,
4  108 (Cal. 1999); Landeros v. Flood, 17 Cal.3d.399, 408 (1976). "Because the standard of care in
5  a medical malpractice case is a matter 'peculiarly within the knowledge of experts,' expert testimony
6  is required to prove or disprove that the defendant performed in accordance with the standard
7  prevailing of care unless the negligence is obvious to a layperson." Johnson v. Superior Court, 143
8  Cal.App.4th 297, 305 (2006); see Flowers v. Torrance Mem'l Hosp. Medical Ctr., 8 Cal.4th 992,
9  1001 (Cal. 1994); Landeros, 17 Cal.3d at 410.

10  In his first motion, Plaintiff is seeking the production of other inmates' medical records and
11  inmate appeals. There exists a privacy right in one's confidential medical records and certain other
12  records. However, the privacy right is not absolute and discovery may be allowed if a balancing of
13  the privacy right against the need for the information weighs in favor of disclosure. E.g.,
14  Sedaghatpour v. State of California, No. C 07-1802 WHA (MEJ), 2007 WL 4259214, *1 (N.D. Cal.
15  Dec. 3, 2007); Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309485, *6 (E.D. Cal.
16  Jan. 30, 2007); Holestine v. Terhune, No. C 99-5200 PJH (JL), 2003 WL 23281594, *10 (N.D. Cal.
17  Nov. 21, 2003). In a situation where the Court determines disclosure is proper, the Court will take
18  steps to ensure that the infringement goes no further than necessary. Typically, this entails an *in
19  camera* review and a release to Plaintiff of only the information deemed discoverable by the Court.

20  Plaintiff has made no showing that the information sought is relevant to his claims. Given
21  the confidential nature of the records sought, the Court will not consider issuing a subpoena
22  commanding the production of those documents absent an offer of proof by Plaintiff as to their
23  relevancy and how he intends to use the documents at trial. Further, the request as set forth in
24  Plaintiff's motion is vague and overly broad as to time frame and type of medical treatment or
25  medical issues. Plaintiff's motion is denied, without prejudice to renewal.

26  With request to the second motion, Plaintiff has addressed Defendants' argument that his
27  medical records are equally available to him for review by submitting evidence that he has attempted
28  more than once to obtain a review of his medical file but has been unsuccessful. (Doc. 52, Reply,

Johnson Dec.) Both sides agree that Plaintiff is entitled to a review, but granting the request and arranging the review lie outside of Plaintiff's control. At this juncture, avoidance of an unnecessary expenditure of resources via an attempt at informal resolution is in the best interest of the Court, the United States Marshal, and CDCR. To that end, defense counsel is requested to contact the litigation office at CCI in an effort to facilitate a review of Plaintiff's medical file for him. Defense counsel shall notify the Court within twenty days whether this review may be facilitated and if so, when it will be facilitated. If counsel is either unwilling or unable to facilitate a review for Plaintiff within the next forty-five days, Plaintiff shall attempt to obtain the documents through a request for the production propounded on defendants. Fed. R. Civ. P. 34. Only if these avenues are unsuccessful will the Court direct the Marshal to serve a records subpoena on the Director.[2]

With respect to a subpoena to obtain water system records, Plaintiff's claim that he was subjected to unsafe water was dismissed from this action on July 28, 2008. Absent an offer of proof as to the relevancy and how he intends to use the documents, the Court will not issue a subpoena for those records.

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena duces tecum commanding the Director of the California Department of Corrections and Rehabilitation to produce medical records of and inmate appeals filed by four other inmates, filed June 30, 2008, is DENIED, without prejudice;

2. Plaintiff's motion for the issuance of a subpoena duces tecum commanding the Director of the California Department of Corrections and Rehabilitation to produce Plaintiff's medical records, filed July 10, 2008, is DENIED, without prejudice;

///

---

[2] The Court is unable to determine at this juncture whether defendants are still employed at CCI and have care, custody, and control over the records sought. Fed. R. Civ. P. 34(a). If they do not, they may object on that basis. However, it appears from the nature of the records that defendants may obtain them at some point during the litigation, for use in support of a motion for summary judgment or at trial. Plaintiff's request for the production of documents will preserve his right to have those documents produced if defendants come into possession of them during the course of their defense of this action. Fed. R. Civ. P. 26(e) The Court anticipates, however, that access to these documents can be resolved informally through the litigation office and without the need for a document production request or a third-party subpoena.

3. Plaintiff's motion for the issuance of a subpoena duces tecum commanding the Director of the California Department of Corrections and Rehabilitation to produce records pertaining to the 2006 switch from the prison's well water system to the state's aqueduct water system, filed July 10, 2008, is DENIED, without prejudice; and

4. Defense counsel is requested to facilitate a review of Plaintiff's medical file via the litigation office at CCI and counsel shall notify the Court within **twenty (20) days** whether a review may be facilitated and if so, when.

IT IS SO ORDERED.

**Dated:   August 21, 2008**                             /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE