WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Garrison S. Johnson, | ) | No. 07-574-PHX-ROS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Thomas Vo, M.D., et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's Motion for Summary Adjudication and Partial Summary Judgment (Mot., Doc. 41). For the reasons stated herein, Plaintiff's Motion is denied.

**BACKGROUND**

Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights and medical malpractice action. Plaintiff is an inmate at the California Correctional Institution ("CCI") in Tehachapi, California (Id. at ¶ 5). On April 13, 2006, Plaintiff was treated by Defendant Thomas Vo, M.D. ("Vo"), for a skin rash (Def.'s Opp'n to Pl.'s Mot. Summ. J. ("Def.'s Opp'n"), Doc. 59 at 2).[1] During the examination, Plaintiff requested

---

[1] In his First Amended Complaint, (Doc. 9 at ¶¶ 20-21), Plaintiff alleges he was unlawfully denied an additional mattress and codeine for back pain, which the Court assumes Plaintiff may still litigate. However, Plaintiff's Motion now before the Court addresses liability with regard to the treatment of his skin rash only.

medicated lotion to treat the rash which Vo denied. (Id.). Plaintiff pursued a reversal of Vo's decision to deny him the prescription through CCI's administrative appeals process (Id. at 3). CCI Chief Dental Officer R. Hall ("Hall") conducted the first appellate review of Vo's refusal, denying Plaintiff's request (Id.). Plaintiff sought a second review of his request by CCI Health Care Manager H. Tate ("Tate") who concurred with the denial after conducting a comprehensive review of Plaintiff's medical files (Id.).

Plaintiff originally brought his suit against CCI Warden William J. Sullivan, California Department of Corrections Director John Dovey, Vo, Hall and Tate in Kern County Superior Court (Doc. 51 at 1). Defendant Sullivan removed the cause of action to federal district court (Id.). The claims against Defendants Sullivan and Dovey were dismissed on July 25, 2008 (Id. at 2-3).

Judge Sandra Snyder, United States Magistrate Judge for the District Court for the Eastern District of California, screened Plaintiff's claim pursuant to 28 U.S.C. § 1915A[2] instructing Plaintiff to either file a second amended complaint or notify the Court of Plaintiff's willingness to proceed only on the claims cognizable by the Court (Doc. 11). Plaintiff notified the Court he would proceed only on cognizable claims (Doc. 12).

Plaintiff then moved for Summary Adjudication or Partial Summary Judgment on the issue of liability pertaining to his claims against Vo, Hall and Tate (Mot., Doc. 41 at 1). Plaintiff's asserts four claims against these Defendants (Id.). First, Plaintiff alleges Defendants were deliberately indifferent to his medical needs, violating his Eighth Amendment right against cruel and unusual punishment ("Count One") (Id. at 4). Plaintiff's

---

[2]Under this statute, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1).

next claim was already dismissed by the Court (Doc. 58 at 2).[3] Plaintiff's third and fourth claims for "medical malpractice" and "professional negligence," respectively, together comprise one medical malpractice claim under California law ("Count Two") (Id. at 3-4). This case was reassigned to the undersigned judge on November 25, 2008 (Doc. 72).

### I. Summary Judgment Standard

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will probably preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party opposing summary judgment may not rest upon the mere allegations or denials of the party's pleadings but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party; "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). However, such evidence offered by "the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. Id. at 255.

---

[3]Plaintiff's dismissed claim pertains to Cal. Gov't Code § 845.6, imposing liability on "a public employee, and the public entity where the employee is acting with the scope of his employment . . . if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

## II. Plaintiff's Motion

Plaintiff seeks partial summary judgment on the issue of liability against Defendants. Significant factual disputes regarding Defendants' liability remain, requiring the Court to deny Plaintiff's Motion.

### A. Plaintiff's 42 U.S.C. § 1983 Claim

To prove a claim under 42 U.S.C. § 1983 ("§ 1983"), Plaintiff "must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Allegations of inadequate medical treatment by prison officials only gives rise to an Eighth Amendment claim under § 1983 if Plaintiff shows Defendants acted with "deliberate indifference to [his] serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

A plaintiff shows (1) a "serious medical need" by demonstrating failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw that inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also, Broughton v. Cutter

- 4 -

Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). State prison officials have "wide discretion regarding the nature and extent of medical treatment." Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges he received inadequate medical care when Vo refused to prescribe medicated lotion for his skin rash (Am. Compl., Doc. 9 at ¶ 13 ). Plaintiff alleges Hall and Tate are also liable because they concurred with Vo's refusal to prescribe him medicated lotion (Id. at ¶¶ 22-24). In response, Defendants allege Plaintiff's medical condition did not require medicated lotion, was not life threatening and did not pose a substantial risk of injury to Plaintiff's health (Def.'s Opp'n, Doc. 59 at 2). Further, Plaintiff did not complain of extreme pain from the rash (Id.). These factual disputes, or differences of opinion, regarding the severity of Plaintiff's rash and whether medicated lotion was necessary to treat it, do not permit the Court to grant summary judgment in favor of Plaintiff on this Count.

### B. Plaintiff's Medical Malpractice Claim

As stated above, Plaintiff asserted claims against Defendants for "medical malpractice" and "professional negligence" (Mot., Doc. 41 at 3-4). Defendants are medical doctors and Plaintiff asserts they acted negligently by providing him with inadequate medical care. (Id. at 4). In this context, allegations of "medical malpractice" and "professional negligence" comprise one claim cognizable by the Court.[4] Because Plaintiff fails to prove Defendants are liable for medical malpractice under California law, the Court denies Plaintiff's Motion.

"[I]n any medical malpractice action, the plaintiff must establish: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession

---

[4]See, e.g., Barris v. County of Los Angeles, 20 Cal. 4th 101, 108 (Cal. 1999).

commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Hanson v. Grode, 76 Cal. App. 4th 601, 606 (Cal. Ct. App. 1999). "The standard of care in a medical malpractice case requires that medical service providers exercise . . . that degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances." Barris v. County of Los Angeles, 20 Cal. 4th 101, 108 n.1 (Cal. 1999). "Because the standard of care in a medical malpractice case is a matter 'peculiarly within the knowledge of experts,' expert testimony is required to 'prove or disprove that the defendant performed in accordance with the standard of care' unless the negligence is obvious to a layperson." Johnson v. Super. Ct., 143 Cal. App. 4th 297, 305 (Cal. Ct. App. 2006).

Plaintiff has not offered expert testimony to prove whether Defendants failed to meet the standard of care owed to him. Plaintiff must satisfy all four elements of a medical malpractice claim to succeed against Defendants. Based on the disputed facts alleged, the Court cannot conclude Vo breached his duty to Plaintiff by not prescribing medicated lotion. Further, the Court cannot conclude Hall and Tate owed a duty to Plaintiff and whether concurring with Vo's medical decisions breached such duty. As such, Plaintiff has failed to prove a medical malpractice claim and the Court will not grant summary judgment to Plaintiff on this Count.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Summary Adjudication or Partial Summary Judgment is **DENIED**.

DATED this 30th day of March, 2009.

Roslyn O. Silver
United States District Judge

- 6 -