IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Garrison S. Johnson,<br><br>    Plaintiff,<br><br>vs.<br><br>William J. Sullivan, et al.,<br><br>    Defendants. | No. CV 07-00574-ROS<br><br>**ORDER** |

Defendants have filed a Motion for Summary Judgment (Doc. 56) pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed a response but the Court, in an abundance of caution, will give Plaintiff the opportunity to submit additional information.

## NOTICE--WARNING TO PLAINTIFF

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]***

The Defendants' Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of

---

[1] Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 56-260 of the Local Rules of the United States District Court Eastern District of California also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment. Your separate statement of facts must "admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial." Rule 56-260(b).

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendants' Motion for Summary Judgment as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action with prejudice. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED** that Plaintiff may file an additional response to Defendants' Motion for Summary Judgment, together with an additional separate Statement of Facts and supporting affidavits or other appropriate exhibits, no later than October 23, 2009.

**IT IS FURTHER ORDERED** that Defendants may file a reply within 15 days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

DATED this 1st day of October, 2009.

_____
Roslyn O. Silver
United States District Judge