IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Garrison S. Johnson, | ) | No. CV-07-00574-ROS |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| William J. Sullivan, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

Defendants have filed a Motion for Summary Judgment. (Doc. 56). For the following reasons, the motion will be granted.

**BACKGROUND**

Plaintiff Garrison Johnson is a California state prisoner. On April 13, 2006, Defendant Dr. Thomas Vo examined and treated Plaintiff for some type of skin condition on his chest and shoulders. Dr. Vo did not observe any local inflammation or signs of infection. Dr. Vo determined no medical treatment was necessary. Plaintiff did not return to the medical clinic for further treatment.

On April 30, 2006, Plaintiff filed an inmate grievance regarding Dr. Vo's decision not to provide medical treatment. Defendant Dr. Hall relied on Dr. Vo's findings in denying the initial grievance. Plaintiff appealed that denial and Defendant Dr. Tate reviewed the record and denied the appeal. Plaintiff filed suit against Defendants Vo, Hall, and Tate alleging a

section 1983 claim for failing to provide medical treatment and a state-law claim for medical malpractice. Defendants now move for summary judgment.

## ANALYSIS

### A. Standard for Summary Judgment

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Plaintiff Is Not Entitled to an Expert Witness or Appointment of Counsel

Plaintiff asks the Court to appoint an expert witness to support his claims. (Doc. 69, 76). Federal Rule of Evidence 706 permits a court, in an exercise of its discretion, to appoint an independent expert. This case does not, however, involve exceptionally complex medical issues. *See McKinney v. Anderson*, 924 F.2d 1500, (9th Cir. 1991), *overruled on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991) (stating expert may be appointed when case is complex). The Court is able to resolve Plaintiff's § 1983 claims under a straightforward application of relevant law. Plaintiff's request for an expert will be denied.

Plaintiff also seeks the appointment of counsel. (Doc. 75). Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

The Court seeks volunteer counsel only in the most serious and exceptional cases. When determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation

marks and citations omitted).  Plaintiff ably presented his claims but his § 1983 claim fails under a straightforward application of relevant law.  The Court will not seek volunteer counsel.

### C. Defendants Are Entitled to Summary Judgment on the Section 1983 Claim

"Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006).  The claim will fail if the condition did not qualify as a "serious medical need" or if defendants were not deliberately indifferent to that need.  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).  "Serious medical needs" include "a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *Id.*  To establish "deliberate indifference" a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Mere negligence or the "inadvertent failure to provide adequate medical care" will not sustain a § 1983 claim.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Here, the undisputed evidence shows that Plaintiff was seen by Dr. Vo for an alleged skin condition.  At that time, Plaintiff did not state he was in extreme pain.  Dr. Vo examined Plaintiff and determined no medical treatment was necessary.  Plaintiff did not seek follow-up treatment for the skin condition.  There is no evidence that the skin condition affected Plaintiff's daily activities or that it caused him substantial pain.  Accordingly, Plaintiff has not presented evidence showing his condition qualified as a "serious medical need." *Lopez*, 203 F.3d at 1131.  Moreover, Plaintiff has not presented any evidence that Dr. Vo disregarded an excessive risk to Plaintiff's health.  The only evidence presented to the Court is that Plaintiff disagrees with Dr. Vo's opinion regarding proper medical treatment.  This is not sufficient to establish a deliberate indifference claim.  *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (stating difference of opinion does not support deliberate indifference claim).

Because Plaintiff has not established a deliberate indifference claim with respect to the medical treatment provided by Dr. Vo, the claims against Dr. Hall and Dr. Tate also fail. Defendants are entitled to summary judgment on Plaintiff's § 1983 claim.

### D. Plaintiff's Medical Malpractice Claim Will Be Dismissed

Having determined Plaintiff's § 1983 claim fails, the Court will dismiss Plaintiff's state-law based medical malpractice claim. *See Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994) (state-law claims should be dismissed when federal-law claims are eliminated before trial).

Accordingly,

**IT IS ORDERED** the Motion for Summary Judgment (Doc. 56) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motions for Appointment of Expert Witness (Doc. 69, 76) and Motion for Appointment of Counsel (Doc. 75) are **DENIED**.

**IT IS FURTHER ORDERED** the Emergency Application (Doc. 83) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** Plaintiff's state-law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** the Clerk shall close this case.

DATED this 19th day of July, 2010.

Roslyn O. Silver
United States District Judge